I want to address what I can of that as the law allows me to. Mr. Reichel feels very strongly about the first indictment and what was submitted to the grand jury and whether or not the statute of limitations was told. We started to develop this issue on the eve of trial. Mr. Wold and I were appointed, took over from representing Mr. Reichel's prior counsel after a superseding indictment had been filed and, quite frankly, we didn't spend a lot of time looking at the first indictment. Through the course of the trial, the disclosure of janks which occurred in advance of trial but certainly not in advance of the pretrial motion hearings, and with the testimony at trial, there was at least a theory developed that the possibility of exactly what was represented to the grand jury regarding the functioning of pure choices, error monitoring systems may not have been 100% accurate. At least it gave the hint that that may be a possibility. We asked for a brief continuance of the sentencing. We hadn't asked for a continuance of the sentencing prior to that and were denied that sentencing. And we asked for that continuance on the basis for an opportunity to look into this issue of whether information presented to the grand jury was not accurate. We then filed to preserve our record our motion to dismiss based upon this information and that too was denied. I understand that it is important in our judicial system and in the process in which we try cases that things be done in a timely manner as prescribed by the rules. But it's also important in the criminal justice system that we recognize exceptions. And the rules have built into it and the courts have recognized that there are exceptions. Somebody's liberty is on the line in the criminal justice system. And in this case, Judge Wright's decision to simply deny our opportunity to explore this issue about the statute of limitations and evidence that was presented to the grand jury was an error. What was the theory in particular? The theory is that the first indictment comes back and in the indictment it is alleged that pure choice is product. So pure choice created an error monitoring system. And in the first indictment, the indictment alleges that the error monitoring systems that pure choice sold, their product, had not passed FCC testing. And so the inference then, of course, is that pure choice is selling to its investors a product that can't be sold. This, in fact, was not true. So the theory is that had that false, allegedly false, purportedly false information not been presented to the grand jury, there would have been no indictment? That would be the potential theory is that you take away then on a fraud case an idea that there's a fraud. If you're actually selling a legitimate product, instead of telling a grand jury this company is only selling a product that they can't actually sell and that's what the investors are investing in, of course that is a fraud. That's a deceit. If, on the other hand, the grand jury is told they do have a legitimate product and people invested but the product never took off and the company failed, then a grand jury could instead determine that this is just a failed business instead of a fraud. And the argument or the question that we wish to raise was whether or not that, in fact, was what was represented to the grand jury. And what gives us some support is that in the superseding indictment, the allegations about the product not working goes away. But the rest of the allegations remain? The rest of the allegations remain with the addition of a few more specific wire fraud counts. So does that tell us that the first grand jury then did not improperly rely on that? We don't know because we don't know what was told to the first grand jury. So there... The transcripts of the grand jury testimony? Not from the first grand jury or the witness who would have presented that testimony. We've never seen the specific testimony from that grand jury witness.  to the statute of limitations on the wire fraud counts, we run into a position where, in effect, the statute of limitations gets told and Mr. Reichel gets tried for offenses that may have been barred by the statute of limitations. Certainly evidence at trial was developed that there were other overt acts that would have occurred within the statute of limitations. But there's a thorny issue created where you're looking in and trying to contemplate what's inside of this black box that we don't get to see into. And I can understand Mr. Reichel's frustration with that process and the frustration with a district court judge saying, yeah, maybe there's something there, but you didn't raise this early enough. And that just shining the light, taking a brief few-week recess before his sentencing to allow the grand jury transcripts to be inspected, perhaps it would have cleared everything up and there would be nothing here. Let me just ask what you're asking here on appeal. Is it just the outright dismissal? You're not asking this court to get into the merits of that, just as to the district court's decision not to get into the merits and to deny it on a time-based, standard basis? We certainly did file a motion to dismiss, so the merits would be before the court. However, I don't believe the record is fully enough developed for the court to address the merits. And I think where I can argue about this is that there should be a remand so that this issue is addressed to ensure that somebody hasn't been convicted for a violation of the statute of limitations to determine whether or not there was misrepresentations made before the grand jury so that a proper record can be developed and that issue can be determined. I'm certainly not arguing Mr. Reichel's pro se briefing on this. He is pushing forward farther and asking the court to look at the merits and attempting to supplement the record, which I didn't feel like I could do that under the rules. So I'm asking for an opportunity to actually have Mr. Reichel's argument and forward Mr. Reichel's argument as we had asked, and that on that issue we'd be remanded to further develop the record. So what would that look like, a remand for resentencing? It would be a remand for a hearing on our motion to dismiss, which would basically be a hearing and a request for the grand jury transcripts that deal with the first indictment, potentially testimony. Without seeing the evidence related to this issue, it's hard to kind of exactly know what the hearing would be. But it would be like a pretrial motion hearing on a motion to dismiss where it may just be based upon a briefing of transcripts from the grand jury testimony or there may be a need to call a witness to testify to determine whether or not there was some sort of potential misconduct before the grand jury that created a tolling situation. It would also, of course, create issues of does a potential misconduct or misrepresentation in the indictment, in the original indictment, how much of that does it toll and create problems for the entirety of the superseding indictment or portions of it, which we'd have to argue about if there was. So in your mind, what you're describing is that it would be up to the district court in the first instance to consider the motion to dismiss, but within that, the issue of disclosure of grand jury testimony. That's correct, Your Honor. That's what we'd be asking for. In this case, the district court didn't get to that. I think that that's the fair route and that's what both we and Mr. Reichle are asking for. Before I sit down to save my rebuttal time, I just do want to address briefly the issue of severance. I think one of the things that the magistrate judge and the district judge did in adopting the magistrate's ruling is there's been some confusion about under 8A in determining that there is a similar and a connection between the bankruptcy and the wire fraud counts is that the district court has looked at this as a grouping and has grouped count 8 with the remaining bankruptcy counts. And 8A calls for an inspection of whether or not the offenses are same or similar in substance to the other offenses that are joined together. And it's clear. Count 8 is the attempting saving bridge between the wire fraud and bankruptcy fraud in this case. There can be little argument that the remaining bankruptcy fraud charges that deal with his own personal filings have nothing to do with the actual fraud in the case. What would the trial of the severance have looked like for you? One through eight in one trial and then the remaining bankruptcy? I would have said one through seven should have been the way it would have gone and the remaining bankruptcy. But at the very least, it would be one through eight judge with the remaining bankruptcy counts tried in a separate matter. And especially in this when you factor in the Rule 14 prejudice on the remaining bankruptcy counts where you're starting to get into the kind of very character-driven issues of lying on bankruptcy forms and that spillover onto motive and intent on an investment fraud. But do the latter bankruptcies counts really are part and parcel of Count 8 as well? I mean, it's just sort of a continuation of what his motive was in perpetuating the scheme? I don't think so. That's the government's theory. That's the government's theory, but it's a complete disconnect between those counts. I mean, they truly are just driven upon representing whether or not I had a full set of dishes or no dishes. And it has nothing to do with the specifics of the wire fraud or even closing in on the investment money. I would like to reserve my last couple of minutes. Mr. Thompson? May it please the Court, Joe Thompson on behalf of the United States. The district court did not err in denying the defendant's motion to sever the bankruptcy fraud counts from the investment fraud and the wire fraud counts, and I think Judge Kelly got to the heart of the matter. Count 8 is really part of Counts 1 through 7. Counts 1 through 7 of the superseding indictment charged were wire fraud counts, executions of an investment fraud scheme, a scheme that the defendant carried out to defraud the investors in his company, pure choice. Count 8 is a somewhat unique or unusual count. It was filing of a bankruptcy petition in furtherance of that same fraud scheme. So Count 8, it really operates as additional wiring in furtherance of that same scheme. And, in fact, the superseding indictment refers to the scheme that's charged in 1 through 7 as part of Count 8, the first bankruptcy fraud count. As Judge Kelly noted, I think the severance issue, if anything, would be Counts 1 through 8 versus Counts 9 through 12. And why wouldn't 9 through 12? How are those relevant, really? Once you sort of say, all right, Count 8 describes how there's a continuation of the scheme, but then it's just sort of false statements on your bankruptcy. Well, the superseding indictment alleges, and the evidence at trial proved, that the defendant filed that fraudulent bankruptcy petition in order to keep the proceeds of his fraud scheme. So your theory is that whatever fraudulent actions he took in connection with the bankruptcy because that bankruptcy filing itself was part of a scheme to keep these funds, that it's all related? That's correct, and that's the evidence in all the counts, which was defrauding the investors and not paying them back unless he had to so he could keep the money that his investors put in. From the early days of the company through being fired in the company and filing for bankruptcy when those creditors started collecting. The investment fraud scheme was he solicited loans from investors in the company through misrepresentations about how he was going to use the proceeds. He wasn't repaying the loans unless he was forced to. And when he was forced to by lawsuit or judgment on loans that he personally guaranteed, he would solicit money from new investors and use it to repay the old investors. At some point the company started to fail entirely and he was on the verge of being fired from the company by the remaining board member. And at that point he couldn't solicit new money from new investors to repay the old debts and that's when he filed for bankruptcy in furtherance of that. And that's what the superseding indictment alleges and that's what the evidence proved at trial. So that was really, I think, the evidence proved, the district court found, the magistrate judge found, that that bankruptcy was part and parcel of his investment fraud scheme. A scheme that was to defraud his investors and keep the money they invested for himself. And so for that reason there's the overlap that's necessary under Rule 8 and Rule 14 between Counts 1 through 8 and Counts 9 through 12. I think the shorthand is Count 8 is a bankruptcy petition filed in furtherance of this investment fraud scheme and it was in furtherance because it was a fraudulent bankruptcy. Had it not been a fraudulent bankruptcy, maybe it wouldn't have been in furtherance. And I think that's the analysis there. There's clear overlap there as the district court found and I don't think there's any, there's no error there in that conclusion. Certainly under Rule 14 in the prejudice prong, there's a strong presumption that we keep properly joined counts tried together and I think that applies here. There's no reason to think the defendant was going to be acquitted on any of the accounts here or that there's some sort of prejudice that cost him an opportunity of acquittal. The evidence in this trial was overwhelming as to both the bankruptcy fraud counts and the investment fraud counts. The trial lasted close to five weeks. There was over a thousand exhibits. Victim after victim testified about the misstatements that the defendant made. That verdict on the investment fraud was well supported. And similarly as to the bankruptcy fraud, the evidence was quite overwhelming against the defendant and the lies he made. Some of the lies were egregious, some were just downright silly, but it was all for the same purpose. And the allegations in the superseding indictment and the evidence at trial about the sequence that led him to file for the bankruptcy petition and how that played out shows the connection and how the bankruptcy fraud was just a connection of his earlier scheme. Moving on, unless the court has any questions, to the issue of the motion to dismiss for statute of limitations. The district court did not abuse its discretion in denying the motion to dismiss the indictment as untimely. As the court knows, the statute of limitations is an affirmative defense. It's not a jurisdictional issue. And under Rule 12, it's waived if not raised pre-trial. The defendant did not raise the statute of limitations issue before the trial. In fact, he waited until just a couple days before the sentencing, which was more than nine months after the trial, to raise the issue. The district court did not abuse its discretion in finding that there was no cause for that delay. The original indictment was filed more than three years before the trial. The superseding indictment was filed more than a year before trial. And the issue that counsel raised with respect to the allegation in the original indictment that doesn't appear in the superseding indictment was apparent on the face of those indictments, as the district court noted. Therefore, there's no cause to excuse the failure to raise that issue pre-trial. Obviously, a long trial ensued. There's every reason for that rule and that waiver requirement there. As the district court noted, the other issues with respect to the FCC testing, there was testimony about that at trial. It is true. Some of the early versions of this air quality monitor had passed FCC testing. The newer, more improved model that was in place or being promoted during the bulk of the fraud scheme did not pass the FCC testing at any point. And there was evidence at trial about that. Why wasn't the grand jury testimony from the first indictment available to defense counsel? Your Honor, that's not in the record, but I do know the answer to that if you'd like me to provide it. I thought the same witnesses would be testifying at trial that were testifying in the grand jury and that those would be turned over. In this case, it's not. The original case agent had transferred to an office in Texas and did not testify at trial, and the defense had never asked for them. That's the reason. Different witnesses getting the first indictment than the second. It was the same witness at both the original indictment and the superseding indictment, I believe, but that witness did not testify at trial. The issue that counsel raises, though, with respect to whether or not the allegation in the original indictment about the FCC testing is wholly accurate or is more nuanced than appears in the original indictment, was available to the defense pretrial. As the district court noted, there was interview reports produced to the defense pretrial that explained this issue. In fact, they cited those in their motion. The defendant, as the district court noted, was the CEO of the company, had every reason to know about the efficacy of his project and the status of the FCC testing, and did not raise that. In any event, this is really a statute of limitations issue, and I think it's important to keep in mind the posture of this. The defendant was convicted on a superseding indictment. He did not bring a motion to dismiss the superseding indictment on statute of limitations grounds pretrial, and it wasn't until a couple days before sentencing. That's waiver. To the extent he tries to bootstrap a challenge to the original indictment, one, he wasn't tried on the original indictment. Two, allegations of grand jury improprieties are also waivable, to the extent that he's suggesting, and there's no evidence in the record at all that there was an impropriety in the grand jury. But to the extent that's his allegation, even assuming that was true, and it's not, that would be waived. That, too, must be raised pretrial. And there's no cause here. Again, when the alleged impropriety or the alleged difference in the original indictment and the superseding indictment was available on the face of the indictment, was available, as the court found in interview reports, turned over to the defense before trial, and was available, again, as the district court found, from the defendant himself, who was the CEO of the company. There's just no cause to explain any delay in that. The defense raised one of the issues in his reply brief, the issue of prejudice. And I think that bears noting. We didn't address it in our brief. Perhaps we should have. But I think it's important to note the superseding indictment on which he was tried, there's no errors alleged with respect to the grand jury process and the superseding indictment. Even if there were, of course, he was convicted at trial by a jury on the superseding indictment, which under this court's law and under the Supreme Court law would render any errors in the grand jury process harmless. That's the mechanic case, Luper-Morris, by this circuit, among others. It's clear that when a defendant is convicted at trial, beyond a reasonable doubt, any previous errors in the grand jury process are rendered harmless. Of course, there was no such errors here. It's also worth noting that counts 8 through 12 of the superseding indictment do not relate back to the original indictment. They were, without question, filed within the five-year statute of limitations, so his motion to dismiss has nothing to do with counts 8 through 12 of the superseding indictment of which he was convicted of counts 8, 9, 10, and 12. There's just no issue there. But at the end of the day, Your Honors, unless you have any further questions, the point of this district court's finding is that this issue was available for over a year, at least, three years perhaps, between the filing of the original indictment and the trial. He never raised the issue. It was untimely. The law is clear. With the statute of limitations, it's waived if not raised pretrial, and the district court did not abuse its discretion in finding that there was no cause, and counsel today hasn't raised, hasn't explained why there was cause for not raising this issue pretrial or during trial even, but waiting until the eve of sentencing to raise it. Unless there's any further questions, I would ask that you affirm. Thank you. Thank you, counsel. Morrison. I think, again, the rule isn't completely rigid. There's an exception, and the reason why there's an exception is that it's easy to say, well, you should have known, you should have had this information, and it belies the fact that, remember, we don't get grand jury testimony unless that witness testifies, so we don't know what's said to the grand jury. And remember, we don't get Jenks Act material, that being the reports of witness testimony or potential statements until prior to trial. It's typically a couple of weeks. It can be three days. It can be after a witness testifies. So to always suggest that everything's waived simply because you don't make your motions prior to the pretrial motion hearing dates, it's absurd and it's unfair, and that's not what the rule contemplates. The rule contemplates opportunities for defendants to be able to raise issues, and we did attempt to show good cause. An affidavit was submitted to the court of why we, as his attorneys, missed this point. We're looking at other issues. We're looking at an indictment that we've received in the superseding indictment. We're preparing for trial. You've got a five-week trial that you're... When were you appointed? We were appointed about a year before, September, a couple of weeks after, or a month after the superseding indictment, roughly. So, you know, we're coming in and preparing for a five-week trial with thousands of exhibits that were introduced, and we missed this. And now we raised it, and we raised it prior to the sentencing. When the court... I'm sorry to interrupt you, but was there a new deadline set after the superseding indictment was filed for new motions, or is that something that the parties have to ask for after a superseding? In this case, it was set. We did have a motion hearing. We did file motions related to the severance issue was the main thing we addressed. In addition, that was the change between the indictments. So, counsel, let's assume that the court agreed with your argument and granted this kind of relief. What's the best-case outcome for the appellant? The best-case outcome would be the potential barring of the wire fraud counts as a statute of limitation violation, or potentially it would be a new trial on any remaining counts or a new trial on the wire fraud counts. Quite honestly, I don't know how to deal with the bankruptcy side of this, because I do agree with the government that certainly the bankruptcy allegations are well within the statute of limitations. I think that there's other issues there related to the severance and an improper joinder of the wire fraud, especially if portions of it were barred by the statute of limitations. Are the bankruptcy counts 8 through 12? With the exception of 11, he was acquitted on, but yes. So I do think his best-case scenario, assuming there is something wrong with the grand jury, would be new trials on this case. Thank you. Thank you, counsel. This case is well argued.